# In the United States Court of Federal Claims
(Pro Se)

|  |  |
|---|---|
| SOMONA LOFTON, <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES OF AMERICA, <br><br> Defendant. | No. 24-727 <br> (Filed: June 3, 2024) |

Somona Lofton, pro se, Napa, CA.

## OPINION AND ORDER

**Kaplan, Chief Judge.**

Pro se plaintiff Somona Lofton alleges that several employees at Napa Valley College, a public community college in California, "conspire[d] to defraud Government Funds" in violation of 18 U.S.C. § 371 by entering "false records" in her financial aid account. Compl. at 1–2, Docket No. 1. Ms. Lofton seeks $250,000 for emotional distress, homelessness, body pains, head pains, and for missing parenting time. Id. at 3. She also appears to desire a 10-year prison sentence for the accused employees. Id.

RCFC 12(h)(3) provides that the Court must dismiss an action if, at any time, it finds that it lacks subject-matter jurisdiction. For the reasons detailed below, this Court lacks subject-matter jurisdiction over Ms. Lofton's claims. Her complaint is therefore **DISMISSED without prejudice**.

## DISCUSSION

Pro se pleadings like Ms. Lofton's complaint are held to "less stringent standards than formal pleadings drafted by lawyers." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). Nevertheless, "this leniency does not lessen [a pro se plaintiff's] burden of establishing . . . subject-matter jurisdiction." Ibrahim v. United States, 799 Fed. App'x. 865, 867 (Fed. Cir. 2020) (citing Haines, 404 U.S. at 520; Kelley v. Sec'y, U.S. Dep't of Labor, 812 F.2d 1378, 1380 (Fed. Cir. 1987)).

Under the Tucker Act, the United States Court of Federal Claims has subject-matter jurisdiction over "any claim against the United States founded either upon the Constitution, or

any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a). While the Tucker Act serves as a waiver of sovereign immunity and a jurisdictional grant, it does not create a substantive cause of action. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008). Thus, for this Court to have jurisdiction, a plaintiff must establish that "a separate source of substantive law . . . creates the right to money damages" from the United States. Id. (quoting Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part)).

Ms. Lofton's complaint lies outside of this Court's subject-matter jurisdiction because it alleges no claims against the United States. It is firmly established that "allegations against . . . private individuals do not fall within the jurisdiction of the Claims Court." Winston v. United States, 465 F. App'x 960, 961 (Fed. Cir. 2012) (citing 28 U.S.C. § 1491(a)(1)); see also United States v. Sherwood, 312 U.S. 584, 588 (1941); Ash v. United States, 170 Fed. Cl. 761, 769 (2024) (collecting cases). Ms. Lofton's complaint solely alleges wrongdoing by Napa Valley College employees. It does not describe any acts taken by, or on behalf of, the United States government that could give rise to liability. Compl. at 1–2.

Alternatively, if Ms. Lofton's complaint is to be construed against Napa Valley College itself, or against the employees within their scope of employment, the complaint is also outside of this Court's jurisdiction. The Court of Federal Claims cannot entertain suits against state and local governments, their entities, or their employees. See Langan v. United States, 812 F. App'x 982, 985 (Fed. Cir. 2020) (affirming this Court's dismissal of claims against state and local governmental officials for lack of subject-matter jurisdiction); Conner v. United States, 407 F. App'x 428, 430 (Fed. Cir. 2011) (holding that this Court did not possess jurisdiction over claims against the state of Virginia, its entities, or its employees because "the actions complained of were not taken on behalf of or as agents of the United States").

Independently, Ms. Lofton has not established subject-matter jurisdiction because she alleges a violation of a criminal statute, 18 U.S.C. § 371. Compl. at 1–2. The Court of Federal Claims "has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code." Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994); see also Canuto v. United States, 651 F. App'x 996, 997 (Fed. Cir. 2016). Indeed, an earlier complaint of Ms. Lofton's was dismissed, in part, for this same reason. Lofton v. United States, No. 2023-1175, 2023 WL 3220932, at *3 (Fed. Cir. May 3, 2023) (affirming dismissal of a claim brought under 18 U.S.C. § 371 "because the Claims Court does not have jurisdiction to hear criminal matters").[1]

---

[1] "To the extent that Ms. Lofton refers to [18 U.S.C. § 371] in an attempt to allege tort claims, the allegations fail because the Claims Court lacks jurisdiction to hear tort claims." Id. (citing Brown v. United States, 105 F.3d 621, 623 (Fed. Cir. 1997)).

## **CONCLUSION**

For the reasons detailed above, this Court lacks subject-matter jurisdiction over Ms. Lofton's complaint. The complaint is therefore **DISMISSED without prejudice** pursuant to RCFC 12(h)(3). Ms. Lofton's motion to proceed in forma pauperis, Docket No. 2, is **GRANTED**. The Clerk shall enter judgment accordingly.

    **IT IS SO ORDERED.**

 

_____
ELAINE D. KAPLAN
Chief Judge